IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

V.                               No. 4:14-CR-00243-JM
                                 4:25-CV-00137-JM

GLENN LAMAR MCCLINTON

## ORDER

Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 57) is DENIED.

There is a one-year statute of limitations for relief under 28 U.S.C. § 2255. Since Defendant did not appeal, his year expired on November 24, 2017.[1] The pending motion was filed February 18, 2025, so it is untimely.

Defendant attempts to excuse this seven-year delay by claiming his counsel did not tell him about available post-conviction remedies. His argument is unpersuasive.[2]

IT IS SO ORDERED this 25th day of February, 2025.

                                        _____
                                        UNITED STATES DISTRICT JUDGE

---

[1] **Error! Main Document Only.** The Judgment was filed on November 10, 2016. Unappealed federal criminal judgments become final when the time for filing a direct appeal expires. See *Anijulo-Lopez v. United States*, 541 F.3d 814, n.2 (8th Cir. 2008). The time for filing a notice of appeal in a criminal case is 14 days after the entry of the judgment. *See* Fed. R. Crim. P. 4(b)(A).

[2] See *Deroo v. United States*, 709 F.3d 1242, 1246 (8th Cir. 2013) (holding that a prisoner failed to demonstrate "diligence" warranting equitable tolling when he waited "several years" before seeking relief under § 2255); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003) (holding that a prisoner's lack of legal knowledge does not support equitable tolling).